UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

James Mark Vogel,

       Plaintiff,

vs.                           REPORT AND RECOMMENDATION

MN State Public Defender
Andrew K. Berger, Asst. P.D.
State of MN Becker County,

       Defendants.              Civ. No. 06-166 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's "Complaint for violation of Civil rights under 42 U.S.C. 1983," see, Docket No. 1, his application for leave to proceed in forma pauperis ("IFP"), see, Docket No. 3, and his Motion to Appoint Counsel. See, Docket No. 2. For reasons which follow, we recommend that the Plaintiff's Complaint be summarily dismissed pursuant to Section 1915A(b), and that the

Plaintiff's IFP application, as well as his Motion to Appoint Counsel be denied, as moot.[1]

## II. Factual Background

On February 23, 2004, the Plaintiff, who is a Minnesota State prisoner, was convicted of driving under the influence. He was later sentenced to fifty-one (51) months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility, in Rush City, Minnesota.

The Plaintiff is now attempting to sue the Public Defender who represented him during his State criminal case -- Andrew K. Berger ("Berger"). He is also attempting to sue Becker County, and "the MN Office of the Public Defender."

The Plaintiff alleges that he suffers from a bipolar disorder, and that he disclosed this information to Berger at an early stage of his State criminal case. According to the Complaint, the Plaintiff also told Berger that he was taking a

---

[1] The Plaintiff did not tender the required filing fee with his Complaint, but instead, filed an Application seeking leave to proceed in forma pauperis, ("IFP"). See, Docket No. 3. It appears from the Plaintiff's IFP Application that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to Title 28 U.S.C. §1915(b)(1). Thus, we find, for present purposes, that the Plaintiff has "no assets and no means by which to pay the initial partial filing fee," Title 28 U.S.C. §1915(b)(4), and that this matter should proceed directly to the initial screening process prescribed by Section 1915A.

medication called "ZYPREXA" which, allegedly, is "known to cause severe side effects in some patients."

The Plaintiff now claims that his constitutional rights were violated, during the course of his State criminal case, because Berger failed to advance a defense based on the Plaintiff's bipolar disorder and/or the medication he was taking for that disorder. The Plaintiff further claims that he was deprived of his constitutional rights because neither Berger, nor anyone else, made any effort to determine whether he was competent to stand Trial.

The Plaintiff is directly challenging the validity of his current confinement, by alleging as follows:

> The Plaintiff would have received a lesser sentence had his mental health issues been properly investigated. The mental health issue is an issue that would have affected plea negotiation and sentence. The plaintiff's trial counsel's performance fell well below a reasonable standard to the point of where it was negligent and a mockery of token representation.

Complaint, at p. 4.

Specifically, the Plaintiff contends that, if he had been represented by different legal counsel, his criminal case "would have turned out vastly different and [he] would have been released from prison long before this * * *." As such, the Plaintiff is seeking a

- 3 -

Judgment that would cause his State criminal conviction to be vacated, as well as to award him money damages.

### III.  Discussion

Since the Plaintiff is a prisoner, who is seeking redress from a governmental entity -- namely Becker County -- his pleading is subject to preliminary "screening" pursuant to Title 28 U.S.C. §1915A.  Section 1915A, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires Federal Courts to screen the pleadings in every civil action, commenced by a prisoner against governmental entities and/or employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing."  Title 28 U.S.C. §1915A(a).  The Court must determine which aspects of the pleading are actionable, and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, the action must be dismissed.  Title 28 U.S.C. §1915A(b)(1).

To state an actionable civil rights claim under Title 42 U.S.C. §1983, as the Plaintiff is attempting to do here, a complainant must allege historical facts which, if proven true, would demonstrate that the named defendants violated the complainant's Federal constitutional rights while acting under color of State law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although Federal Courts must "view pro se pleadings liberally,

such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the United States Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D. Minn. 1997)(same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in the alleged constitutional wrongdoing. See, Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); see also, Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001)(upholding summary dismissal of prisoner's civil rights claims, because his Complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a claim under Section 1983, a Complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's Federal constitutional rights.

The Plaintiff's current Complaint fails to state any actionable Section 1983 claim against the Defendant Becker County, because it does not contain any factual allegations describing anything that Becker County itself did, or failed to do, that could be viewed as a violation of the Plaintiff's constitutional rights.  As to Becker County, the Plaintiff has pled nothing more than a conclusory allegation that "Becker County is also liable for the Plaintiff's incarceration."  Since the Plaintiff has alleged no facts to support that bare legal claim, he has failed to state an actionable claim against Becker County.

Concerning the Defendant, who the Plaintiff has identified as "the MN Office of the Public Defender," the Plaintiff has only alleged that it "is responsible for the action of [its] employee."  The allegation clearly shows that the Plaintiff is attempting to hold "the MN Office of the Public Defender" vicariously liable for the alleged wrongdoing of one of its employees -- namely Berger, the attorney who represented the Plaintiff in his criminal case.  It is well-settled, however, that, in a Section 1983 action such as this one, a party cannot be held vicariously liable for the allegedly wrongful acts of its employees or subordinates, because the doctrine of respondeat superior does not apply to Section 1983 cases.  See, Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Since the Plaintiff has not alleged any facts

demonstrating any separate, independent, and personal wrongdoing by "the MN Office of the Public Defender," he has failed to state an actionable claim against that Defendant.

The Plaintiff has also failed to state an actionable Section 1983 claim against Berger, because he has failed to allege any facts showing that Berger was acting under color of State law when he allegedly violated the Plaintiff's constitutional rights. Indeed, it is well-settled that public defenders are not considered to be State actors when they are representing State criminal defendants in a State criminal prosecution. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974). Therefore, the Plaintiff has failed to state an actionable Section 1983 claim against Defendant Berger.

Furthermore, the Plaintiff's present civil rights action is plainly barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court reaffirmed the principle that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Rather, Habeas Corpus relief is the exclusive Federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Accordingly, even when a prisoner-plaintiff is not directly challenging the fact or duration of his

incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Id. at 483.  As pertinent to the issue before us, the Court expressed its holding, as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid * * *, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 [footnote omitted]; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996)("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

Here, a Judgment in the Plaintiff's favor, on his current civil rights claim, would clearly cast doubt on the validity of his State criminal conviction and sentence.  In fact, the Plaintiff has specifically requested a Judgment that would invalidate his conviction and sentence.  However, under Heck, civil rights claims, which are based on constitutional

improprieties that allegedly occurred during a prisoner's State criminal case, cannot properly be brought in Federal Court, unless the prisoner first establishes in a proper forum -- i.e., a State or Federal post-conviction proceeding -- that his conviction and sentence are, in fact, constitutionally invalid.

In short, even if the Plaintiff had pled some viable constitutional claim, he could not bring that claim in a civil rights action in Federal Court at this time.  Specifically, he cannot maintain a civil rights action which seeks relief for unconstitutional acts that allegedly caused him to be wrongly convicted and/or sentenced, without first securing an Order in a proper forum -- i.e., a State or Federal post-conviction proceeding -- which specifically invalidates the State Court Judgment.  Since that pre-condition to suit has not been satisfied, the Plaintiff's present civil rights action is barred by <u>Heck v. Humphrey</u>, supra.  Therefore, we recommend that the Plaintiff's Complaint be summarily dismissed under Section 1915A(b).

As a consequence, we are obligated to also recommend that the Plaintiff's Motion for the Appointment of Counsel, <u>Docket No. 2</u>, as well as his application for leave to proceed IFP, be denied, as moot.  See, <u>Edgington v. Missouri Dept. of Corrections</u>, 52 F.3d 777, 780 (1995)(appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).  Since we recommend

the summary dismissal of his action, we further recommend that the Plaintiff be relieved of paying the filing fee in this matter, as he appears to completely misapprehend the requisites for a cognizable claim. Further, we recommend that the dismissal of the Plaintiff's claim should not count as a "strike" against the Plaintiff for the purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be summarily dismissed pursuant to Title 28 U.S.C. §1915A(b)(1).

2. That the Plaintiff's Application to Proceed Without Prepayment of Fees, [Docket No. 3] be denied, as moot.

3. That the Plaintiff's Motion For Appointment Of Counsel [Docket No. 2], be denied, as moot.

4. That the Plaintiff be relieved of paying the filing fee that would otherwise be due from him.

5. That, irrespective of summary dismissal, the action not be counted as a "strike" for purposes of Title 28 U.S.C. §1915(g).

Dated January 13, 2006          *s/Raymond L. Erickson*

                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 30, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 30, 2006**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.